UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.P. BRYAN, *ET AL.,* § | | |
| *PLAINTIFFS*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:14-CV-02439 | |
| § | | |
| LAPORTE, A PROFESSIONAL ACCOUNTING § | JURY TRIAL DEMANDED | |
| CORPORATION, § | | |
| *DEFENDANT.* § | | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE COURT:

Plaintiffs and Defendants file this Joint Discovery/Case Management Plan:

**1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The meeting has occurred over various days concluding with an electronic mail conversation on February 17, 2016 by and among a) Dwayne Day and Mark Rome on behalf of Monroe Garrison and CMG Management, LP; b) Gregg Weinberg and Mark Rabe on behalf of LaPorte; c) Lauren Tow on behalf of Rodney Tow, Chapter 7 Trustee for the Bankruptcy Estate of Garrison Municipal Partners LP (the "Trustee"); and d) Michael Durrschmidt on behalf of J.P. Bryan, Margaret Yonder Hoya, Bryan Consolidated Business Interests, Ltd., J.P. and Mary Jon Bryan Foundation, Mary Jon Bryan, HRB Global, Ltd., Margaret Yonder Hoya Trust, HRB Oil & Gas., Ltd., Michael J. Maples, Sr., Michael J. Maples, Jr., MJMJR, Ltd., Elizabeth Maples, The Maples Descendants Trust, Margaret Yonder Hoya Grandchildren's Trust, Nathan Bright Petty 2012 Trust, Margaret Louise Petty Morris 2012 Trust, Elizabeth Carrie Petty 2012 Trust, Bradford Clay Yonder Hoya 2012 Trust and the Margaret Louise Bright Petty Testamentary Trust (collectively the "Plaintiffs") and Greg Mount.

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

Garrison Municipal Partners, LP (the "Debtor"), chapter 7 bankruptcy case, case number 14-32867 pending in the Southern District of Texas, Houston Division.

**3.    Briefly describe what this case is about.**

Plaintiffs J. P. Bryan (Bryan) and Margaret Vonder Hoya (Vonder Hoya) sued Debtor Garrison Municipal Partners, LP (GMP), CMG Management, LP, and Charles Monroe Garrison (Garrison) for fraud, negligence, and gross negligence relate to Bryan and Vonder Hoya's

1

investment in GMP. Garrison counterclaimed against Bryan for tortuous interference with contract and breach of contract, and asserted third-party claims against Gregory Mount for breach of contract and breach of fiduciary duty. Bryan, et al sued LaPorte for accounting malpractice in an attempt to recover investment losses they suffered by investing in GMP. The Trustee sued LaPorte for accounting malpractice. LaPorte brought a third-party action against Garrison and Mount for negligent misrepresentation.

**4.     Specify the allegation of federal jurisdiction.**

Bryan, et al brought suit against LaPorte in Texas state court, LaPorte removed due to diversity pursuant to 28 U.S.C. § 1332.

The Trustee brought an adversary proceeding against LaPorte in the Garrison Municipal Partners, LP bankruptcy case. 28 U.S.C. §1334(b) and 28 U.S.C. §157(a). That case was withdrawn to this Court and consolidated with Bryan, et al's removed case.

The Court has supplemental jurisdiction of LaPorte's third-party claims against Garrison and Mount pursuant to 28 U.S.C. §1367.

**5. Name the parties who disagree and the reasons.**

None.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

N/A

**7.     List anticipated interventions.**

N/A.

**8.     Describe class-action issues.**

N/A.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Bryan, et al made initial disclosures on or September 2, 2014 to LaPorte identifying some documents which have been produced already. Bryan, et al served an amended disclosure on October 9, 2015, and produced documents. Mount's initial disclosures were part of the amended disclosure.

LaPorte made its initial disclosures to Bryan, et al. on September 2, 2014, and an amended disclosure on July 30, 2015.

The Trustee made its initial disclosures on October 7, 2015.

Garrison and CMG Advisors, LP made their initial disclosures on October 9, 2015.

Each of the parties hereto will make their supplemental disclosures to each of the others on or before March 6, 2016, subject to the entry of the Agreed Confidentiality Order being signed by all parties through their counsel.

**10.    Describe the proposed agreed discovery plan, including:**

After the initial disclosures, the parties have agreed to begin depositions with the depositions of Garrison and then Greg Mount to be followed by various members of LaPorte's audit team, with a short term goal of being in a position to have a follow-up mediation in July 2016.

**A.    Responses to all the matters raised in Rule 26(f).**

**(A)    what changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

None, other than 9 above, and compliance with the Parties Agreed Confidentiality Order, attached hereto as Exhibit A.

**(B)    the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Discovery will deal with LaPorte's efforts and thoroughness (or lack thereof) in conducting the audits and their review of the Debtor's information and files. The knowledge of the Plaintiffs and Debtor; and the knowledge of and disclosures to LaPorte by Monroe Garrison and Greg Mount. Plaintiffs' actions related to investing in GMP, distributions they received from GMP, and their knowledge of GMP's investment and trading actions.

**(C)    any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

Rule 26(f)(3)(C) - Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties will make a reasonable effort to redact confidential personal identifiers, including financial account, investment account, credit card and social

security numbers, from the disclosures and production in this case. The parties acknowledge and agree that, given the volume of the production in this case and that much of that production likely contains personal identifiers: (1) there is a great financial burden on the party making production to review for and redact confidential personal identifiers from the documents produced in this case; (2) the burden on a party who wishes to use any of the production at a deposition, hearing or trial, or otherwise file such a record with the Court at to review for and redact confidential personal identifiers is substantially lower than the burden on the producing party; (3) the failure to redact confidential personal identifiers prior to making production or disclosure of documents shall not result in waiver of any such privilege; and (4) any party who intends to use any document disclosed or produced in this case will review for and then redact personal identifiers prior to use of the document in this case, whether such document is used at a deposition, hearing or trial, or otherwise filed with the Court, subject to the parties further agreement.

**(D)** **any issues about claim of privilege or of protection as trial preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

Rule 26(f)(3)(D) - Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.

The parties will make a reasonable effort to redact confidential personal identifiers, including financial account, investment account, credit card and social security numbers, from the disclosures and production in this case. The parties acknowledge and agree that, given the volume of the production in this case and that much of that production likely contains personal identifiers: (1) there is a great financial burden on the party making production to review for and redact confidential personal identifiers from the documents produced in this case; (2) the burden on a party who wishes to use any of the production at a deposition, hearing or trial, or otherwise file such a record with the Court at to review for and redact confidential personal identifiers is substantially lower than the burden on the producing party; (3) the failure to redact confidential personal identifiers prior to making production or disclosure of documents shall not result in waiver of any such privilege; and ( 4) any party who intends to use any document disclosed or produced in this case will review for and then redact personal identifiers prior to use of the document in this case, whether such document is used at a deposition, hearing or trial, or otherwise filed with the Court, subject to the parties further agreement.

**(E)** **what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

4

The time period for the depositions of J. P. Bryan, Margaret Vonder Hoya, Monroe Garrison, Greg Mount and representatives of LaPorte may need to be expanded by agreement of the parties, or pursuant to Court order.

**(F)    any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties are not currently aware of a need for any such orders.

**B.    When and to whom the plaintiffs anticipate they may send interrogatories.**

Plaintiffs anticipate sending interrogatories to LaPorte, Monroe Garrison, CMG Management and the Trustee.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

LaPorte anticipates sending interrogatories the first week of March 2016 to each of the Plaintiffs, Greg Mount, Monroe Garrison, CMG Management and the Trustee.

Monroe Garrison and CMG Management anticipate sending interrogatories to each of the Plaintiffs, Greg Mount, and LaPorte.

Greg Mount anticipates sending interrogatories to LaPorte, Monroe Garrison, and CMG Management.

Trustee anticipates sending interrogatories to LaPorte, Monroe Garrison and CMG Management.

**D.    Of Whom and by when the plaintiffs anticipate taking oral depositions.**

Plaintiffs anticipate taking the following party and related depositions between April and July 2016:
Monroe Garrison
Corporate Representative of LaPorte
Cheryl Haspel
Estelle Chan, Engagement Partner
Richard J. Koch, Concurring Partner, Engagement Partner
Julia Suharto, Senior Audit
Frank H. Carbon, Jr., Audit Director and Engagement Quality Reviewer
Jo Elana Patterson, Manager, Tax Consultant
Julianne Graham, Manager
Various members of LaPorte's audit team

Any expert designated by any party (See F below).

**E.    Of Whom and by when the defendants anticipate taking oral depositions.**

5

Defendants anticipate taking the following party and related depositions between April and July 2016:

LaPorte anticipates taking the deposition of each Plaintiff, Monroe Garrison, Greg Mount, and any expert designated by any party .

The Trustee anticipates taking the same depositions as the Plaintiff (see D above).

Monroe Garrison anticipates taking the depositions of Greg Mount and various members of the LaPorte audit team.

Greg Mount anticipates taking the depositions of Monroe Garrison and various members of LaPorte's audit team.

**F.   List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs and the Trustee will designate their experts on or before the end of September 2016. The parties have agreed to take the expert depositions during the months of November and December 2016.

**G.   List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

LaPorte, Greg Mount, Monroe Garrison and CMG Management will designate their respective experts on or before the end of October 2016. The parties have agreed to take the expert depositions during the months of November and December 2016.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

There is no present disagreement on any part of this discovery plan.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

LaPorte has provided its work papers to the Plaintiffs; Garrison Municipal Partners, LP had filed its bankruptcy schedules and statement of financial affairs; Monroe Garrison has testified at the creditors meeting for the Debtor; Monroe Garrison has previously testified in the underlying *Bryan, et al v. LaPorte* state court action.

**13.   State the date the planned discovery can reasonably be completed.**

Non-expert discovery can be completed by July 31, 2016. Expert depositions will be concluded by the end of January 2017.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Per discussion in the Rule 26(t) meeting, prompt resolution seemed possible so the parties set up and attended an early mediation with Chris Nolland on December 9, 2015 While some progress was made a final resolution did not occur. The parties have continued to discuss resolution through Mr. Nolland, but at present it appears that resolution is not possible without conducting some discovery.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have engaged in informal discussions regarding settlement and a full day of formal mediation. To date such attempts have been unproductive.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The parties agree mediation and/or a mediated settlement conference may be productive. Along those lines, the parties participated in a full-day mediation with Christopher Nolland on December 9, 2015. Though a settlement was not reached, the parties have continued negotiations through Mr. Nolland but still have not reached a resolution. A second mediation may be fruitful after the parties engage in discovery.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties are not amenable to trial to a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

The period for making jury demand has not yet expired. Fed. R. Civ. P. 38(b)(l). Plaintiffs anticipate demanding a jury and LaPorte has requested a jury.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiffs anticipate that presentation of the evidence at trial of this case will take 30 to 42 hours (5-7 days). LaPorte concurs with this assessment.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Joint Motion for Confidentiality.

**21. List other motions pending.**

None.

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The Federal Rules of Civil Procedure, which are to be amended December 1, 2015 shall apply to this case.

The Parties have agreed to the following deadlines:

a)     Pleading deadline of November 15, 2016;
b)     Dispositive motion deadline of January 15, 2017;
c)     Docket call in late February 2017.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

HIRSCH & WESTHEIMER, P.C.
Eric Lipper
SBN: 12399000
FED ID: 11442
Email: elipper@hirschwest.com
Michael J. Durrschmidt
State Bar No. 06287650
Federal Id. 4720
Email: mdurrschmidt@hirschwest.com
Melissa N. Sternfels
State Bar No. 24037181
Federal Id. 38294
Email: msternfels@hirschwest.com
1415 Louisiana, 36th Floor
Houston, Texas 77002
Telephone: 713.223.5181
Facsimile: 713.223.9319
ATTORNEYS FOR J.P. BRYAN, MARGARET VONDER HOYA, BRYAN CONSOLIDATED BUSINESS INTERESTS, LTD., J.P. AND MARY JON BRYAN FOUNDATION, MARY JON BRYAN, HRB GLOBAL, LTD., MARGARET VONDER HOYA TRUST, HRB OIL & GAS., LTD., MICHAEL J. MAPLES, SR., MICHAEL J. MAPLES, JR., MJMJR, LTD., ELIZABETH MAPLES, THE MAPLES DESCENDANTS TRUST, MARGARET VONDER HOYA GRANDCHILDREN'S TRUST, NATHAN BRIGHT PETTY 2012 TRUST, MARGARET LOUISE PETTY MORRIS 2012 TRUST, ELIZABETH CARRIE PETTY 2012 TRUST, BRADFORD CLAY VONDER HOYA 2012 TRUST, THE MARGARET LOUISE BRIGHT PETTY TESTAMENTARY TRUST AND GREG MOUNT

ROBERTS MARKEL WEINBERG
BUTLER HAILEY PC
Gregg S. Weinberg
State Bar No. 21084150
Federal Id.6799
Email : gweinberg@rmwbhlaw.com
H. Ross Asher
State Bar No. 01374360
Email : rasher@rmwbhlaw.com
Mark B. Rabe
State Bar No. 24070461
Fed. Id. 1078787
Email : mrabe@rmwbhlaw. com
2800 Post Oak Blvd, 57th Floor
Houston, Texas 77056
Phone: (713)840-1666
Facsimile: (7 13) 840-9404
ATTORNEYS FOR LAPORTE

DWAYNE R. DAY, P.C.
Dwayne R. Day
State Bar No. 00795314
Federal Id.19937
Email: dday@ddaylaw.com
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713)759-1600
Facsimile: (7 13) 7 59-6930
THE ROME LAW FIRM
Mark A. Rome
State Bar No. 00784870
Federal Id.423170
Email : mark@theromelawfirm. com
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 701-5110
Facsimile: (281) 754-4403
ATTORNEYS FOR CHARLES
MONROE GARRISON AND CMG
ADVISORS, LP

COOPER & SCULLY, PC
Timothy Micah Dortch
State Bar No. 24044981
Federal Id. 630903

Email: micah.dortch@cooperscully.com
R. Brent Cooper
State Bar No. 04783250
Federal ld.18271
Email: brent.cooper@cooperscully.com
Lauren Tow
State BarNo.2408l179
Federal Id.2108567
Email: lauren.tow@cooperscully.com
900 Jackson St., Suite 100
Dallas, Texas 75202
Phone: (214)712-9500
Facsimile: (21 4) 7 12-9540
Christopher D. Lindstrom
State Bar No.24032671
Federal Id.33525
Email: chris.lindstrom@cooperscully.com
815 Walker, Suite 1040
Houston, Texas 77002
Phone: (713) 236-6800
Facsimile: (7 I 3) 236-6880
ATTORNEYS FOR RODNEY TOW

                                              Respectfully submitted,
HIRSCH & WESTHEIMER, P.C.

*/s/ Michael J. Durrschmidt*  *By Permission
_____
**Eric Lipper**
Attorney-In-Charge
State Bar No. 12399000
Federal Id. 11442
**Michael J. Durrschmidt**
State Bar No. 06287650
Federal Id. 4720
**Melissa N. Sternfels**
State Bar No. 24037181
Federal Id. 38294
1415 Louisiana, 36th Floor
Houston, TX 77002
Ph (713) 220-9165; Fax (713) 223-9319
mdurrschmidt@hirschwest.com
elipper@hirschwest.com
msternfels@hirschwest.com
**ATTORNEYS FOR PLAINTIFFS AND GREGORY P. MOUNT**

10

COOPER & SCULLY, P.C.

*/s/ Lauren Tow*  *By Permission
_____
**Timothy Micah Dortch**
Attorney-in-Charge
Texas State Bar No. 24044981
SDTX Bar No. 630903
**R. Brent Cooper**
Texas State Bar No. 04783250
SDTX Bar No. 18271
**Lauren Tow**
Texas State Bar No. 24081179
SDTX Bar No. 2108567
900 Jackson Street, Suite 100
Dallas, TX  75202
Ph (214) 712-9500
Fax (214) 712-9540
micah.dortch@cooperscully.com
brent.cooper@cooperscully.com
lauren.tow@cooperscully.com

**Christopher D. Lindstrom**
Texas State Bar No. 24032671
SDTX Bar No. 33525
815 Walker, Suite 1040
Houston, TX 77002
Ph (713) 236-6800
Fax (713) 236-6880
chris.lindstrom@cooperscully.com
**ATTORNEYS FOR RODNEY D. TOW**

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

*/s/ Gregg S. Weinberg*

_____
**Gregg S. Weinberg**
Attorney-in-Charge
Texas State Bar No. 21084150
Federal Bar No. 6799
**Ross Asher**
Texas State Bar No. 01374360
Federal Bar No. 9900
**Mark B. Rabe**
Texas State Bar No. 24070461
Federal Bar No. 1078787
2800 Post Oak Blvd, 57th Floor
Houston, TX 77056
Ph (713) 840-1666
Fax (713) 840-9404
gweinberg@rmwbhlaw.com
rasher@rmwbhlaw.com
mrabe@rmwbhlaw.com
**ATTORNEYS FOR LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION**


DWAYNE R. DAY, P.C.

*/s/ Dwayne R. Day*  \*By Permission

_____
**Dwayne R. Day**
Texas State Bar No. 00795314
SDTX Bar No. 19937
3401 Allen Parkway, Suite 100
Houston, TX 77019
Ph (713) 759-1600
Fax (713) 759-6930
dday@ddaylaw.com
**ATTORNEY FOR CHARLES MONROE GARRISON AND CMG ADVISORS, LP**

THE ROME LAW FIRM, PLLC

*/s/ Mark A. Rome*  *By Permission
_____

**Mark A. Rome**
Texas State Bar No. 00784870
SDTX Bar No. 423170
3401 Allen Parkway, Suite 100
Houston, TX 77019
Ph (713) 701-5110
Fax (281) 754-4403
mark@theromelawfirm.com
**ATTORNEY FOR CHARLES MONROE GARRISON AND CMG ADVISORS, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

*Via ECF*
Eric Lipper
Michael J. Durrschmidt
Melissa N. Sternfels
Hirsch & Westheimer, PC
The Wedge International Tower
1415 Louisiana, 36th Floor
Houston, TX  77002
*Counsel for the J.P. Bryan, et al. Plaintiffs and Third-Party Defendant Gregory P. Mount*

*Via ECF*
Dwayne R. Day
Dwayne R. Day, P.C.
3401 Allen Parkway, Suite 100
Houston, TX 77019
*Counsel for Defendant/Third-Party Defendant Charles Monroe Garrison and Defendant CMG Advisors, LP*

*Via ECF*
Christopher D. Lindstrom
Cooper & Scully, P.C.
815 Walker, Suite 1040
Houston, TX 77002
*Counsel for Plaintiff Rodney Tow*

*Via ECF*
Mark Rome
The Rome Law Firm
3401 Allen Parkway, Suite 100
Houston, TX 77019
*Counsel for Defendant/Third-Party Defendant Charles Monroe Garrison and Defendant CMG Advisors, LP*

*Via ECF*
Timothy Micah Dortch
R. Brent Cooper
Lauren Tow
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, TX 75202
*Counsel for Plaintiff Rodney Tow*

*/s/ Gregg S. Weinberg*

Gregg S. Weinberg